Ex Parte Correa.

Appeal from the District Court of Guayama.

No. 10.—Decided March 30, 1905.

CRIMES AGAINST THE ELECTION LAW—FELONY.—The crime defined and punished by section 161 of the Penal Code is a felony, and not within the jurisdiction of the municipal courts.

CRIMES—CRIMES FOR WHICH THE CODE PRESCRIBES NO PUNISHMENT.—The crimes which may be punished under authority of section 93 of the Penal Code are those for which the law prescribes no other punishment, but if the crime falls expressly within some provision of the Code, it should be prosecuted and punished in accordance with said provision.

HABEAS CORPUS—EXCEEDING JURISDICTION—ILLEGAL IMPRISONMENT.—If a court has judged and condemned a defendant for a crime over which it has no jurisdiction, it has exceeded its jurisdiction, and therefore the imprisonment is illegal and the defendant is entitled to be discharged from custody on *habeas corpus*.

The facts are stated in the opinion.

Mr. Capó, for appellant.

Mr. Rossy, Fiscal, for The People.

Mr. Justice MacLeary delivered the opinion of the court.

The applicant in this case was prosecuted before the Municipal Court of Cayey for a violation of the electoral laws, and upon the trial was found guilty and sentenced to two months imprisonment in the jail of the district. He sued out a writ of *habeas corpus* before the Honorable Charles E. Foote, Judge of the District Court of Guayama, and upon a hearing of the case was discharged from imprisonment on the ground that the Municipal Court of Cayey had no jurisdiction to finally try the accused on the charge made against him for violation of the electoral laws.

The accused, in presenting his case to the trial court, cited as authorities section 161 of the Penal Code, and section 403 of the Code of Criminal Procedure, as well as section 483, paragraph 1 of the same Code, in regard to *habeas corpus*.

The special district attorney prosecuting this case, took an appeal from the judgment of the court, liberating the prisoner, and presents the matter here for decision. The judgment of said court, from which this appeal is taken, reads literally as follows:

"In the District Court for the Judicial District of Guayama.— Felipe Correa *vs.* The People of Porto Rico.—On the 11th day of March, 1905, the person of Felipe Correa was produced before me in the place mentioned in the said record; and having heard the allegations of the *fiscal* and the petitioner's counsel, and having read and examined the proceedings in the case, I reserved decision until to-day, the 13th of the present month, and I am of the opinion that the imprisonment of Felipe Correa is illegal. I, Charles E. Foote, judge of the District Court for the Judicial District of Guayama, hereby order that the said Felipe Correa be released from imprisonment and immediately placed at liberty by the said Luis Meana, warden of the Cayey jail, on the above-mentioned charge.—Given and signed by me, under the seal of this court, in Guayama, on the 13th day of March, 1905."

The *fiscal*, on behalf of the Government, contends that the prisoner was tried under sections 93 and 44 of the Penal Code, which reads as follows:

"Section 93. Every person holding a public office who wilfully refuses or neglects to perform the duties thereof, or who violates any provision of law relating to his duties or the duties of his office, for which some other punishment is not prescribed, is punishable by fine not exceeding five thousand (5,000) dollars, or by imprisonment in jail not exceeding one year, or both.

"Section 44. An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The facts stated in the affidavit made against the prisoner are set forth as follows:

"In Cayey, on the 23d day of January, 1905, before me, Angel María Rodríguez, municipal judge, appeared Clemente Figueroa, a resident of La Cidra, and, after being sworn, declares that on the day of the elections, when voters were entering booth No. 41 with the intention of voting, the president of the said booth, Mr. Correa, asked unnecessary questions, such as: 'Did you vote last year? There are four parties; which party are you going to vote for? Are you going to vote for the Unionist party, or are you going to vote for the Democratic party, or are you going to vote for the Republican party? Are you entitled to vote?' And he also consumed much time in the voting by reading, name by name, the candidates to be voted for. In proof of all he signs, together with the judge."

It is plainly apparent that these acts constitute a violation of the electoral law, and would fall under the denunciation of section 161 of the Penal Code, and would therefore constitute a felony, and should be punished as such. But it is contended that they also fall under section 95 of the said Code and may be considered as a misdemeanor, and consequently punishable as such. But on a careful examination of section 93 it will be seen that it only refers to offenses "for which some other punishment is not prescribed" in order that violations of the law may not go unpunished. Then inasmuch as the acts charged against the prisoner are punishable under section 161

of the Penal Code, they cannot be considered as falling under section 93, and consequently section 44 of the said Code has no reference to them.

The accused should have been tried under section 161 and if proven guilty, as appears to be the fact, in this case, should have been punished by "a fine not exceeding one thousand (1,000) dollars, or by imprisonment in the penitentiary for not less than one or more than five years, or both such fine and imprisonment."

This offense against the law being denounced as a felony is beyond the the jurisdiction of the municipal court, and consequently under section 5 of the Habeas Corpus Law, being section 483 of the Code of Criminal Procedure, paragraph 1, the municipal court having exceeded its jurisdiction in the final trial of this case, the prisoner must have been released from custody and the judgment of the district court in this case as hereinbefore quoted is correct.

For the reasons herein stated, the judgment of the district court will be

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing in this case.